# EXHIBIT "A"

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JERMAINE SOLOMON; | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | 21A05275 |
| VS. | § | FILE NO. _____ |
| | § | |
| LUIS RIVERA; ADV QUALITY | § | |
| LOGISTICS, LLC; AND FOUR H | § | |
| TRUCKING, LLC; | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF Jermaine Solomon ("Plaintiff"), by and through his

counsel of record and files this his Complaint for Damages showing this Honorable Court

as follows:

1.     This is an action for personal injury damages arising out of a motor vehicle

collision that occurred on or about December 3, 2020, in DeKalb County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Jermaine Solomon is a resident of DeKalb County, Georgia.

3.     Plaintiff Jermaine Solomon sustained personal injuries as a result of a motor

vehicle collision that occurred at approximately 7:29 p.m. on December 3, 2020, on

Interstate 285, in Fulton County, Georgia.

4.     Defendant Luis Rivera is an individual who resides at 570 West 39th Place,

Hialeah, Florida 33012 and may be served with a copy of the summons and complaint

at this address.

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith

5.      Once served with process, Luis Rivera is subject to the jurisdiction and venue of this Honorable Court pursuant to the terms of the Georgia Non-Resident Motorist Act O.C.G.A. § 40-12-1.

6.      Luis Rivera was properly served with process in this civil action.

7.      Luis Rivera was sufficiently served with process in this civil action.

8.      Luis Rivera is subject to the jurisdiction of this Court.

9.      Defendant ADV Quality Logistics, LLC is a foreign corporation doing business in the state of Georgia and is authorized to conduct business in Georgia.

10.     ADV Quality Logistics, LLC may be served through its registered agent, Andres Lopez Quijano, at 5850 Coral Ridge Drive, Suite 207, Coral Springs, Florida, 33076.

11.     Once served with process, ADV Quality Logistics, LLC is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

12.     ADV Quality Logistics, LLC was properly served with process in this civil action.

13.     ADV Quality Logistics, LLC was sufficiently served with process in this civil action.

14.     ADV Quality Logistics, LLC is subject to the jurisdiction of this Court.

15.     Defendant Four H Trucking, LLC is a foreign corporation doing business in the state of Georgia and is authorized to conduct business in Georgia.

16.     Four H Trucking, LLC may be served through its registered agent, Clara Velasquez, at 7811 Galleon Court, Parkland, Florida 33067.

17.     Once served with process, Four H Trucking, LLC is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

18.     Four H Trucking, LLC was properly served with process in this civil action.

19.     Four H Trucking, LLC was sufficiently served with process in this civil action.

20.     Four H Trucking, LLC is subject to the jurisdiction of this Court.

21.     Venue in the above-styled civil action is proper in this County and Court.

<u>FACTS</u>

22.     Plaintiff re-alleges and incorporate the preceding paragraphs as if fully set forth herein.

23.     On December 3, 2020, at approximately 7:29 p.m., Plaintiff Jermaine Solomon was operating his vehicle northbound on Interstate 285, in DeKalb County, Georgia and had slowed for traffic.

24.     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera was operating his 18-wheeler northbound on Interstate 285 in the same lane and headed in the same direction as Plaintiff.

25.     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera failed to slow and/or stop and collided hard with the back of Plaintiff's vehicle.

26.     As a result of the collision, Plaintiff Jermaine Solomon was injured and continues to suffer injuries and damages this from incident.

27.     At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

28.     Defendant Luis Rivera was an employee and/or agent of Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC.

29.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

30.     Defendants are 100% at fault for causing the subject collision.

31.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

32.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

33.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or death.

34.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or death.

35.     Plaintiff was an innocent victim of the collision described in this Complaint.

36.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

37.     As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

## COUNT I: NEGLIGENCE OF DEFENDANT LUIS RIVERA

38.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

39.     At all relevant times, Luis Rivera owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.  Failing to keep an assured safe distance from Plaintiff's vehicle;

c.  Failing to timely apply the brakes of his 18-wheeler;

d.  Failing to control his speed;

e.  Failing to drive at a reasonable and prudent speed under the conditions;

f.  Failing to maintain proper control of his 18-wheeler;

g.  Failing to keep a proper lookout for traffic;

h.  Failing to make reasonable and proper observations while driving;

i.  Failing to safely operate his 18-wheeler;

j.  Failing to obey traffic laws;

k.  Operating a cellular mobile device while driving; and

l.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

40.  Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of his 18-wheeler, including:

a.  Following Too Close (O.C.G.A.§ 40-6-48);

b.  Distracted Driving (O.C.G.A.§ 40-6-241);

c.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

d.  Failure to Drive his Vehicle at a Reasonable and Prudent Speed Under the Conditions (O.C.G.A. § 40-6-180);

e.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

COMPLAINT FOR DAMAGES – Page 5

    f.   Reckless Driving (O.C.G.A. § 40-6-390).

41.    As a result of Luis Rivera's negligence, Plaintiff has suffered severe and permanent damages.

42.    As a direct and proximate result of the negligence and negligence *per se* of Luis Rivera, Plaintiff is entitled to recover special damages, including but not limited to:

    a.   Medical expenses in the past and in the future, in an amount that will be proved at trial;

    b.   Lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial;

    c.   Property damage and loss of use of Plaintiff's vehicle, in an amount that will be proved at trial;

43.    Plaintiff is also entitled to recover for his general damages, including but not limited to:

    a.   Shock of impact;

    b.   Disability;

    c.   Loss of enjoyment of life;

    d.   Disfigurement in the past and future;

    e.   Physical impairment in the past and future;

    f.   Physician pain and suffering in the past and future; and

    g.   Mental anguish in the past and future.

## COUNT II:  NEGLIGENCE OF DEFENDANTS ADV QUALITY LOGISTICS, LLC AND/OR FOUR H TRUCKING, LLC

44.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.     At all times material hereto, Luis Rivera was an employee of Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC

46.     At all times material hereto, Luis Rivera was acting within the scope and course of his employment and/or agency with Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC

47.     At all times material hereto, Luis Rivera was an agent of Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC

48.     At all times material hereto, Luis Rivera was acting within the scope and course of his agency with Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC

49.     At all times material hereto, Luis Rivera was authorized by Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC to operate the 18-wheeler that was involved in the collision described in this Complaint.

50.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC are liable for the negligent actions and omissions of Luis Rivera pursuant to the doctrine of *respondeat superior*.

51.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC are the owner(s) of the vehicle operated by Luis Rivera and are therefore liable for damages caused in this case.

52.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC were also themselves negligent in the following ways:

   a.  Negligently hiring or contracting with Defendant Luis Rivera to drive the 18-wheeler at issue;

   b.  Negligently training Luis Rivera;

   c.  Negligently entrusting Luis Rivera to drive the 18-wheeler professionally;

   d.  Negligently retaining Luis Rivera to drive the 18-wheeler at issue;

   e.  Negligently qualifying Luis Rivera;

   f.  Failing to supervise Luis Rivera; and

   g.  Otherwise failing to act as a reasonably prudent company under the circumstances.

53.     As a direct and proximate result of the negligence of Defendant Luis Rivera and Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

54.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC are liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

### COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

55.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

56.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC and/or their driver, Luis Rivera, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence

described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

57.     As a direct and proximate result of the negligence of Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC and their driver, Luis Rivera, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

58.     As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, property damage and loss of use, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

## COUNT IV: PUNITIVE DAMAGES

59.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

60.     Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC and their driver, Luis Rivera, acts were knowing, willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

61.    The actions of Defendant motor carriers ADV Quality Logistics, LLC and/or Four H Trucking, LLC and their driver, Luis Rivera, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

62.    Accordingly, Defendants ADV Quality Logistics, LLC and/or Four H Trucking, LLC and their driver, Luis Rivera, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a)    A trial by jury;

b)    For Summons and Complaint to issue against each Defendant;

c)    For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)    For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)    For judgment against Defendant motor carrier and their driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)    Court costs, discretionary costs, and prejudgment interest; and

g)    For all such further and general relief which this Court deems just and proper.

Dated this 18th day of November, 2021.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:  470-881-8804
DIRECT:  470-480-7545
FACSIMILE:  470-881-8821
E-MAIL:  ADEWALE.ODETUNDE@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana Smith

No. ____21A05275_____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed
11/18/2021

**SUMMONS**

Siana Smith

_____
Deputy Clerk

JERMAINE SOLOMON, C/O WLG ALTANTA, LLC,

Deposit Paid $ _____

600 PEACHTREE NE, SUITE 4010, ATLANTA, GA 30308
(Plaintiff's name and address)

**[ ]    ANSWER**

**vs.**

**[ ]    JURY**

ADV QUALITY LOGISTICS, LLC

C/O ANDRES LOPEZ QUIJANO, 5850 CORAL RIDGE DR., #207

CORAL SPRINGS, FLORIDA 33076
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**    ADV QUALITY LOGISTICS, LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Adewale Odetunde; WLG Atlanta, LLC - adewale.odetunde@witheritelaw.com
_____
(Name)
600 Peachtree NE, Suite 4010, Atlanta, GA 30308
_____
(Address)

(470) 480-7545                                              374418
_____
(Phone Number)                                 (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____              _____

Defendant's Attorney                                   Third Party Attorney

_____              _____

_____              _____

Address                                                Address

_____              _____

Phone No.            Georgia Bar No.              Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐  Account              ☐ Personal Injury           Principal        $ _____
☐  Contract             ☐ Medical Malpractice
☐  Note                 ☐ Legal Malpractice          Interest         $ _____
☐  Trover               ☐ Product Liability
                        ☐ Other                      Atty Fees        $ _____

☐  Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JERMAINE SOLOMON; | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | 21A05275 |
| VS. | § | FILE NO. _____ |
| | § | |
| LUIS RIVERA; ADV QUALITY | § | |
| LOGISTICS, LLC; AND FOUR H | § | |
| TRUCKING, LLC; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF JERMAINE SOLOMON'S FIRST COMBINED SET OF WRITTEN
DISCOVERY TO DEFENDANT ADV QUALITY LOGISTICS, LLC SERVED WITH THE
<u>COMPLAINT</u>**

COMES NOW PLAINTIFF Jermaine Solomon in the above-captioned lawsuit and

pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following

First Requests for Admissions, First Interrogatories and First Request for Production

and to Defendant ADV Quality Logistics, LLC for response under oath to the subject

interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

**<u>DEFINITIONS</u>**

As used herein, the terms listed below are defined as follows:

1. The term "**<u>Document</u>**" as used herein shall be given a very broad definition to

include every type of paper, writing, data, record, graphic, drawing, photograph, audio

recording and video recording.  The term includes material in all forms, including

printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

**STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith**

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.   "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.   (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation

of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to

encompass all reasonable definitions of that term.

8. "**Subject Collision**" means the collision described in the Complaint.

9. "**ADV QUALITY LOGISTICS, LLC**," "**You**", "**Your**," or "**Yours**" means Defendant

ADV Quality Logistics, LLC.

10. "**LUIS RIVERA**" as used herein refers to and means Defendant Driver Luis Rivera.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, Luis Rivera was an agent of ADV Quality Logistics, LLC.

**REQUEST NO. 2**     At the time of the Subject Collision, Luis Rivera was an employee of ADV Quality Logistics, LLC.

**REQUEST NO. 3**     At the time of the Subject Collision, Luis Rivera was acting within the course and scope of his employment or agency with ADV Quality Logistics, LLC.

**REQUEST NO. 4**     At the time of the Subject Collision, Luis Rivera was operating the 18-wheeler owned by ADV Quality Logistics, LLC.

**REQUEST NO. 5**     At the time of the Subject Collision, Luis Rivera was operating the 18-wheeler with the permission of ADV Quality Logistics, LLC.

**REQUEST NO. 6**     At the time of the Subject Collision, Luis Rivera was operating the 18-wheeler with the knowledge of ADV Quality Logistics, LLC.

**REQUEST NO. 7**     At the time of the Subject Collision, Luis Rivera was operating the 18-wheeler as trained by ADV Quality Logistics, LLC.

**REQUEST NO. 8**     ADV Quality Logistics, LLC's corporate name was properly stated in the Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**     Jurisdiction is proper in this Court.

**REQUEST NO. 11**     Service of process upon ADV Quality Logistics, LLC in this civil action was proper.

**REQUEST NO. 12**     Service of process upon ADV Quality Logistics, LLC in this civil action was legally sufficient.

**REQUEST NO. 13**    At the time of the collision described in this Complaint, Luis Rivera was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**    At the time of the collision described in this Complaint, Defendant ADV Quality Logistics, LLC owned the 18-wheeler that was being operated by Defendant Luis Rivera.

**REQUEST NO. 15**    At the time of the collision described in this Complaint, Defendant Luis Rivera was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 16**    At all times material to this Complaint, ADV Quality Logistics, LLC was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**    At all times material hereto, ADV Quality Logistics, LLC was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**    At the time of the collision described in this Complaint, Luis Rivera was operating an 18-wheeler in the furtherance of Defendant ADV Quality Logistics, LLC's business.

**REQUEST NO. 19**    At the time of the collision described in this Complaint, Luis Rivera was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**     At the time of the collision described in this Complaint, Defendant Luis Rivera was acting within the course and scope of his employment with Defendant ADV Quality Logistics, LLC.

**REQUEST NO. 21**     At the time of the collision described in this Complaint, Defendant Luis Rivera was acting within the course and scope of his agency with Defendant ADV Quality Logistics, LLC.

**REQUEST NO. 22**     On December 3, 2020, at approximately 7:29 p.m., Plaintiff Jermaine Solomon was operating his vehicle northbound on Interstate 285, in DeKalb County, Georgia and had slowed for traffic.

**REQUEST NO. 23**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera was operating his 18-wheeler northbound on Interstate 285 in the same lane and headed in the same direction as Plaintiff.

**REQUEST NO. 24**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera failed to slow and/or stop and collided hard with the back of Plaintiff's vehicle.

**REQUEST NO. 25**     As a result of the collision, Plaintiff Jermaine Solomon' was injured and continues to suffer injuries and damages this from incident.

**REQUEST NO. 15**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera should slowed and/or stopped to avoid the collision in question.

**REQUEST NO. 16**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 17**    The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 18**    The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 19**    Defendant ADV Quality Logistics, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 26**    Defendant ADV Quality Logistics, LLC concluded that Defendant Luis Rivera was the sole cause of the subject collision.

**REQUEST NO. 27**    Following the collision described in this Complaint, Defendant ADV Quality Logistics, LLC disciplined Defendant Luis Rivera.

**REQUEST NO. 28**    Defendant ADV Quality Logistics, LLC and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 29**    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 30**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 31**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 32**    No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 33**    No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 34**    Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 35**    Defendant ADV Quality Logistics, LLC agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 36**    Defendant Luis Rivera agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 37**    Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**    If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your

contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 3**    Please provide the weight of the subject 18-wheeler at the time of the Subject Collision.

**INTERROGATORY NO. 4**    Explain the relationship between Defendant ADV Quality Logistics, LLC and Defendant Driver Luis Rivera at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**    If you maintain that Defendant Driver Luis Rivera was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**    Identify and explain all communications of any kind between Defendant Driver Luis Rivera and anyone acting for or on behalf of Defendant ADV Quality Logistics, LLC during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**    Identify all Defendant ADV Quality Logistics, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver Luis Rivera at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**    Identify all Defendant ADV Quality Logistics, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver Luis Rivera regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**    Describe in detail when and how you first became aware that Defendant Driver Luis Rivera was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up

to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant ADV Quality Logistics, LLC believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 14**   Did Defendant ADV Quality Logistics, LLC make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 15**   Identify each person Defendant ADV Quality Logistics, LLC expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 16**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 17**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 18**   For each of Plaintiff' First Request for Admissions to Defendant ADV Quality Logistics, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant ADV Quality Logistics, LLC

**REQUEST NO. 2:**   A copy of each document retention policy in effect for ADV Quality Logistics, LLC at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Luis Rivera and ADV Quality Logistics, LLC This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   The contents of Luis Rivera's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Luis Rivera, including without limitation any investigation of Luis Rivera's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with ADV Quality Logistics, LLC This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Luis Rivera.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Luis Rivera.

**REQUEST NO. 10:**  All documents that relate in any way to any orientation provided by ADV Quality Logistics, LLC to Luis Rivera.

**REQUEST NO. 11:**  All documents that relate in any way to training of Luis Rivera. This includes, but is not limited to, all documents that show all training received by Luis Rivera, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:** All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of ADV Quality Logistics, LLC to Luis Rivera at any time. An answer key should also be provided.

**REQUEST NO. 13:** Copies of all documents (a) explaining how Luis Rivera was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:** A copy of the front and back of every driver's license issued to Luis Rivera (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:** All documents placing you on notice of any violation by Luis Rivera of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:** All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Luis Rivera in your possession, custody, and/or control.

**REQUEST NO. 17:** A copy of all documents relating to any violation of any safety rule or principle by Luis Rivera at any time.

**REQUEST NO. 18:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of ADV Quality Logistics, LLC directed to Luis Rivera for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Luis Rivera in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all

disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Luis Rivera has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Luis Rivera. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that Luis Rivera was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Luis Rivera or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:** Copies of all documents prepared by Luis Rivera that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Luis Rivera that have not been produced in response to the preceding requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Luis Rivera in any way, that has not been produced in response to other requests above.

### HOURS OF SERVICE-RELATED DOCUMENTS

**REQUEST NO. 25:** A copy of all Luis Rivera's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Luis Rivera was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

   a.      All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

   b.      All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

   c.      All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special

handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and Luis Rivera.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of Luis Rivera's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 28:** For the vehicle involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:** Produce copies of all e-mails between Luis Rivera and ADV Quality Logistics, LLC for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 32:** Produce copies of all communications and transmissions between Luis Rivera and ADV Quality Logistics, LLC that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 33:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 34:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 35:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:** For the vehicle involved in the Subject Incident, produce all Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 39:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

<u>L</u><small>OAD</small>

**REQUEST NO. 40:** All documents that relate to the load being hauled by Luis Rivera at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## S̲UBJECT̲ I̲NCIDENT̲

**REQUEST NO. 41:** A copy of every document related to any investigation done by or on behalf of ADV Quality Logistics, LLC of the scene of the Subject Incident.

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of ADV Quality Logistics, LLC that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:** Copies of all photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Incident;

    b.    Any person involved in the Subject Incident;

    c.    The scene of the Subject Incident; and/or

    d.    Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Luis Rivera and those prepared by anyone working for or on behalf of ADV Quality Logistics, LLC (except lawyers).

**REQUEST NO. 48:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:** If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

c.      Documents evidencing who was on the board;

d.      Documents evidencing all criteria for review; and

e.      Determination of preventability and all other conclusions reached by said board or entity.

<u>GOVERNMENTAL CONTACT AND INTERVENTION</u>

**REQUEST NO. 51:** Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:** Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

<u>POLICY AND PROCEDURES</u>

**REQUEST NO. 53:** Copies of all ADV Quality Logistics, LLC policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

      a.      Working for or with trucking company generally (e.g., employee manual or handbook);

      b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.      Operation of a 18-wheeler;

      d.      Driving safety;

      e.      Defensive driving;

      f.      Compliance with federal and state laws and regulations;

      g.      Accident investigation;

      h.      Accident review boards;

      i.      Determination of preventability of accidents;

      j.      Hiring, training, and supervising drivers; and

      k.      Disciplinary actions.

**REQUEST NO. 54:** Copies of each document that Luis Rivera signed to prove that Luis Rivera received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of ADV Quality Logistics, LLC

**REQUEST NO. 55:** To the degree that ADV Quality Logistics, LLC has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Luis Rivera before the Subject Incident, please produce them now.

**REQUEST NO. 56:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by ADV Quality Logistics, LLC, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

<u>COMPANY</u>

**REQUEST NO. 58:** Copy of documents showing the hierarchy of managerial positions at ADV Quality Logistics, LLC and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:** A copy of each document (including articles and presentations) prepared and/or presented by any ADV Quality Logistics, LLC representative relating to the safe operation of an 18-wheeler and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:** A copy of all lease and trip lease contracts applicable to Luis Rivera and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 63:** A copy of ADV Quality Logistics, LLC's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:** Transcripts or recordings of all depositions of corporate designees for ADV Quality Logistics, LLC given in the past five (5) years in cases where it was alleged that a driver working for ADV Quality Logistics, LLC caused injury or death to another person.

**REQUEST NO. 65:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 66:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>MISCELLANEOUS</u>

**REQUEST NO. 67:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

      a.      A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

      b.      A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

      c.      A copy of the entire file of said expert;

      d.      A current résumé or curriculum vitae for said expert; and

      e.      All billing records and work logs for said expert.

**REQUEST NO. 68:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically

created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 72:** If any surveillance has been undertaken by or on behalf of ADV Quality Logistics, LLC, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon all Defendants.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:         470-480-7545
FACSIMILE:    470-881-8821
E-MAIL:        ADEWALE.ODETUNDE@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana Smith

**PLAINTIFF JERMAINE SOLOMON'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT ADV QUALITY LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 27**

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___DEKALB_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___11/18/2021___ | Case Number _____21A05275_____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
SOLOMON    JERMAINE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
RIVERA      LUIS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

FOUR H TRUCKING, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ADV QUALITY LOGISTICS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney ___ADEWALE ODETUNDE_____   State Bar Number ___374418___   Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
       **Case Number**                              **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20
**STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith**

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

JERMAINE SOLOMON;                    §
                                     §                    CIVIL ACTION
      Plaintiff,                     §
                                     §
VS.                                  §            FILE NO. _21A05275_____
                                     §
LUIS RIVERA; ADV QUALITY             §
LOGISTICS, LLC; AND FOUR H           §
TRUCKING, LLC;                       §
                                     §
      Defendants.                    §

**PLAINTIFF JERMAINE SOLOMON'S FIRST COMBINED SET OF WRITTEN
DISCOVERY TO DEFENDANT DRIVER LUIS RIVERA SERVED WITH THE
<u>COMPLAINT</u>**

      COMES NOW PLAINTIFF Jermaine Solomon in the above-captioned lawsuit and

pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following

First Request for Admissions, First Interrogatories and First Request for Production of

Documents to Defendant Luis Rivera, for response under oath, pursuant to the Georgia

Civil Practice Act, for responses and production as provided by law.

**<u>DEFINITIONS</u>**

      As used herein, the terms listed below are defined as follows:

1.     The term "**<u>Document</u>**" as used herein shall be given a very broad definition to

include every type of paper, writing, data, record, graphic, drawing, photograph, audio

recording and video recording.  The term includes material in all forms, including

printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

**STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith**

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.       "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.       (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

         (b)     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**," "**Your**," or "**RIVERA**" means Defendant Luis Rivera.

6.      "**CO-DEFENDANT**" means Defendant Four H Trucking, LLC.

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.      With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**      Defendant Luis Rivera is a proper party to this lawsuit.

**REQUEST NO. 2**      Defendant Luis Rivera is properly identified in this case.

**REQUEST NO. 3**      Defendant Luis Rivera was properly and sufficiently with process in this civil action.

**REQUEST NO. 4**      Venue is proper in this Court as to Luis Rivera.

**REQUEST NO. 5**      Jurisdiction is proper in this Court as to Defendant Luis Rivera.

**REQUEST NO. 6**      At the time of the collision described in this Complaint, Defendant Luis Rivera was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 7**      At the time of the collision described in this Complaint, Luis Rivera was operating an 18-wheeler with the permission of Co-Defendant Four H Trucking, LLC over the public roadways.

**REQUEST NO. 8**      At the time of the collision described in this Complaint, Luis Rivera was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 9**      At the time of the collision described in this Complaint, Defendant Luis Rivera was acting within the course and scope of his employment with Co-Defendant Four H Trucking, LLC.

**REQUEST NO. 10**    On December 3, 2020, at approximately 7:29 p.m., Plaintiff Jermaine Solomon was operating his vehicle northbound on Interstate 285, in DeKalb County, Georgia and had slowed for traffic.

**REQUEST NO. 11**    On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera was operating his 18-wheeler northbound on Interstate 285 in the same lane and headed in the same direction as Plaintiff.

**REQUEST NO. 12**    On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera failed to slow and/or stop and collided hard with the back of Plaintiff's vehicle.

**REQUEST NO. 13**    On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera should have slowed and/or stop to avoid the collision in question.

**REQUEST NO. 14**    Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 15**    The collision with Defendant Luis Rivera caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 16**     As a result of the collision, Plaintiff Jermaine Solomon was injured and continues to suffer injuries and damages this from incident.

**REQUEST NO. 17**     Co-Defendant Four H Trucking, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 18**     Co-Defendant Four H Trucking, LLC concluded that Defendant Luis Rivera was the sole cause of the subject collision.

**REQUEST NO. 19**     Following the collision described in this Complaint, Co-Defendant Four H Trucking, LLC disciplined Defendant Luis Rivera.

**REQUEST NO. 20**     Co-Defendant Four H Trucking, LLC and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 21**     No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 22**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 23**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 24**     No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries or damages.

**REQUEST NO. 25**     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 26**     Plaintiff was an innocent victim in the subject collision described in this Complaint.

**REQUEST NO. 27**    Co-Defendant Four H Trucking, LLC agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 28**    Defendant Luis Rivera agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 29**    Plaintiff did suffer injuries damages as a result of the collision described in this Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1**    State your full name, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or driver's license in that name and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2**    For each driver's license you have had in the past seven years, identify the state of issue, the date of issue, the number and whether or not it was a commercial driver's license.

**INTERROGATORY NO. 3**    Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4**    For each place you have worked (as an employee, independent contractor, leased driver or otherwise) in the past fifteen (15) years,

provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5**    If you have won any awards, been given special recognitions, and/or there are any accomplishments and/or achievements you are particularly proud of, please explain them and provide the date and location for them.

**INTERROGATORY NO. 6**    Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7**    If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years or if you have ever been convicted at any time of a felony, for each arrest, charge, warning, citation, conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8**    If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9**    Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)? If so, describe in detail each condition,

who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10**   Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a plaintiff, defendant, or witness and identify the style, jurisdiction, date and nature of the lawsuit.

**INTERROGATORY NO. 11**   Identify all training you have received in connection with operating a vehicle, commercial vehicle or 18-wheeler, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

## INSURANCE

**INTERROGATORY NO. 12**   For each liability insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

## SUBJECT COLLISION

**INTERROGATORY NO. 13**   Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14**   Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the

facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other Incidents, claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15**   If you maintain that either Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint for Damages, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16**   If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or not) during the twenty-four (24) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

<u>**MISCELLANEOUS**</u>

**INTERROGATORY NO. 17**   Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the vehicle he was driving involved in the Subject Collision at any time during

each call.

**INTERROGATORY NO. 18**   Explain in detail where you were and what you were doing during the six (6) hours immediately prior to and the six (6) hours immediately following the Subject Collision.  Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 19**   Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 20**   For each of Plaintiff's First Request for Admissions addressed to you that you did not admit without qualification, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit and identify all persons and documents that support the factual basis for your response.

**INTERROGATORY NO. 21**   For each of factual allegation made in Plaintiff's Complaint that you denied, state the factual support for your denial and otherwise explain in detail the reason for your refusal to admit, and identify all persons and documents that support the factual basis for your denial.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**   All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Driver Luis Rivera.

**REQUEST NO. 2:**   Each liability insurance policy (and declarations page for each

policy) that provides or may provide coverage for damages sustained in the Subject

Collision and/or if coverage was in dispute that was in place at the time of the Subject

Collision.

**REQUEST NO. 3:**   A copy of each automobile insurance policy that you had in place at

the time of the Subject Collision, which provided liability coverage for the operation of

the vehicle you were driving that was involved in the Subject Collision.

**REQUEST NO. 4:**    All documents that you have exchanged with any insurance

company evidencing the subject collision.

**REQUEST NO. 5:**   All documents that you have exchanged with any insurance

company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**   All reservation of rights letters and/or agreements regarding

insurance coverage for the claims asserted against you arising from the Subject

Collision.

**REQUEST NO. 7:**   All documents directly or indirectly provided to and received from

any insurance company regarding your driving history, criminal history, claims history,

training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**   All documents and driver training resources provided or made

available to you directly or indirectly by any employer, insurance company and/or that

you have reviewed in an effort to learn how to drive safely and defensively.

## Your Information

**REQUEST NO. 9:**    All documents setting forth the relationship between you and any

employer for whom you were working at the time of the collision. This includes, but is

not limited to all leases, employment contracts, and independent contract agreements

and other contracts, agreements, memorandum and the like.

**REQUEST NO. 10:** A color copy of the front and back of every driver's license issued to you (regardless of name used).

**REQUEST NO. 11:** Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**REQUEST NO. 12:** All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of your employer directed to you for the purpose of teaching, counseling, disciplining, correcting or otherwise managing you in any way relating to the safe operation of a commercial vehicle or 18-wheeler.

**REQUEST NO. 13:** All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past ten (10) years.

**REQUEST NO. 14:** All documents relating to any complaint, criticism or concern raised by any person or entity regarding your driving performance and/or safety.  This should include, but is not limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 15:** For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle he was driving that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time period time period beginning 12 hours before the Subject Collision and ending 24 hours after the Subject Collision.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 16:** All correspondence and other communication of any kind between you and any third-party (other than your attorneys) evidencing to the Subject Collision.

## SUBJECT COLLISION

**REQUEST NO. 17:** All documents in your possession, custody and/or control relating in any way to the Subject Collision.

**REQUEST NO. 18:** All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 19:** All documents evidencing each investigation done by or on behalf of Defendant(s) evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 20:** All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 21:** All documents that explain what caused the Subject Collision.

**REQUEST NO. 22:** All photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Collision;

    b.    Any person involved in the Subject Collision;

    c.    The scene of the Subject Collision; and/or

    d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 23:** All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 24:** All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the

Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

<u>G</u><u>OVERNMENTAL</u> <u>C</u><u>ONTACT AND</u> <u>I</u><u>NTERVENTION</u>

**REQUEST NO. 25:** Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a 18-wheeler within the past three years.

<u>M</u><u>ISCELLANEOUS</u>

**REQUEST NO. 26:** All documents and other materials, which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 27:** All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that depict the scene or surrounding areas of the Subject Collison or that recreate, explain or show how the Subject Collision may have occurred.

**REQUEST NO. 28:** All documents and things that you contend evidence, prove, and/or support your affirmative defenses and claims on any issue of negligence or causation or damages in this matter.

**REQUEST NO. 29:** If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

Served with the Complaint upon Defendant.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:    470-881-8804
DIRECT:          470-480-7545
FACSIMILE:      470-881-8821
E-MAIL:          ADEWALE.ODETUNDE@WITHERITELAW.COM

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana Smith

21A05275

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed
_____

11/18/2021

**SUMMONS**

Siana Smith
Deputy Clerk

JERMAINE SOLOMON, C/O WLG ALTANTA, LLC,
_____

600 PEACHTREE NE, SUITE 4010, ATLANTA, GA 30308
_____

Deposit Paid $ _____

(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[ ]   **JURY**

FOUR H TRUCKING, LLC
_____

C/O CLARA VELASQUEZ, 7811 GALLEON COURT
_____

PARKLAND, FLORIDA 33067
_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**   FOUR H TRUCKING, LLC

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Adewale Odetunde; WLG Atlanta, LLC - adewale.odetunde@witheritelaw.com
_____
(Name)

600 Peachtree NE, Suite 4010, Atlanta, GA 30308
_____
(Address)

(470) 480-7545                                        374418
_____
(Phone Number)                              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____   _____
Defendant's Attorney                          Third Party Attorney

_____   _____

_____   _____
Address                                       Address

_____   _____
Phone No.            Georgia Bar No.          Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐  Account          ☐ Personal Injury          Principal      $ _____
☐  Contract         ☐ Medical Malpractice
☐  Note             ☐ Legal Malpractice        Interest       $ _____
☐  Trover           ☐ Product Liability
                    ☐ Other                     Atty Fees      $ _____

☐  Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

21A05275

No. _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

Date Summons Issued and Filed

**SUMMONS**

11/18/2021   Siana Smith
_____
Deputy Clerk

JERMAINE SOLOMON, C/O WLG ALTANTA, LLC,
_____

Deposit Paid $ _____

600 PEACHTREE NE, SUITE 4010, ATLANTA, GA 30308
_____
(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

[ ]   **JURY**

LUIS RIVERA
_____

5850 CORAL DRIVE, SUITE 207
_____

CORAL SPRINGS, FLORIDA 33076
_____
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**   LUIS RIVERA

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Adewale Odetunde; WLG Atlanta, LLC - adewale.odetunde@witheritelaw.com
_____
(Name)

600 Peachtree NE, Suite 4010, Atlanta, GA 30308
_____
(Address)

(470) 480-7545                         374418
_____
(Phone Number)                  (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____         _____
Defendant's Attorney                              Third Party Attorney

_____         _____

Address                                                 Address
_____         _____
Phone No.              Georgia Bar No.           Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☐ Account           ☐ Personal Injury           Principal       $ _____
☐ Contract          ☐ Medical Malpractice
☐ Note              ☐ Legal Malpractice          Interest        $ _____
☐ Trover            ☐ Product Liability
                    ☐ Other                      Atty Fees       $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JERMAINE SOLOMON; | § | |
| | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | 21A05275 |
| VS. | § | FILE NO. _____ |
| | § | |
| LUIS RIVERA; ADV QUALITY | § | |
| LOGISTICS, LLC; AND FOUR H | § | |
| TRUCKING, LLC; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF JERMAINE SOLOMON'S FIRST COMBINED SET OF WRITTEN
DISCOVERY TO DEFENDANT FOUR H TRUCKING, LLC SERVED WITH THE
<u>COMPLAINT</u>**

COMES NOW PLAINTIFF Jermaine Solomon in the above-captioned lawsuit and

pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following

First Requests for Admissions, First Interrogatories and First Request for Production

and to Defendant Four H Trucking, LLC for response under oath to the subject

interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

<u>**DEFINITIONS**</u>

As used herein, the terms listed below are defined as follows:

1. The term "<u>**Document**</u>" as used herein shall be given a very broad definition to

include every type of paper, writing, data, record, graphic, drawing, photograph, audio

recording and video recording.  The term includes material in all forms, including

printed, written, recorded, or other.  The term includes all files, records and data

contained in any computer system, computer component and/or computer storage (e.g.,

hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not

**STATE COURT OF
DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana N Smith**

limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation

of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.   "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.   The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.   Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.   With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to

encompass all reasonable definitions of that term.

8. "**Subject Collision**" means the collision described in the Complaint.

9. "**FOUR H TRUCKING, LLC**," "**You**", "**Your**," or "**Yours**" means Defendant Four H

Trucking, LLC.

10. "**LUIS RIVERA**" as used herein refers to and means Defendant Driver Luis Rivera.

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, Luis Rivera was an agent of

Four H Trucking, LLC.

**REQUEST NO. 2**     At the time of the Subject Collision, Luis Rivera was an employee of

Four H Trucking, LLC.

**REQUEST NO. 3**     At the time of the Subject Collision, Luis Rivera was acting within

the course and scope of his employment or agency with Four H Trucking, LLC.

**REQUEST NO. 4**     At the time of the Subject Collision, Luis Rivera was operating the

18-wheeler owned by Four H Trucking, LLC.

**REQUEST NO. 5**     At the time of the Subject Collision, Luis Rivera was operating the

18-wheeler with the permission of Four H Trucking, LLC.

**REQUEST NO. 6**     At the time of the Subject Collision, Luis Rivera was operating the

18-wheeler with the knowledge of Four H Trucking, LLC.

**REQUEST NO. 7**     At the time of the Subject Collision, Luis Rivera was operating the

18-wheeler as trained by Four H Trucking, LLC.

**REQUEST NO. 8**     Four H Trucking, LLC's corporate name was properly stated in the

Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**     Jurisdiction is proper in this Court.

**REQUEST NO. 11**     Service of process upon Four H Trucking, LLC in this civil action

was proper.

**REQUEST NO. 12**     Service of process upon Four H Trucking, LLC in this civil action

was legally sufficient.

**REQUEST NO. 13**    At the time of the collision described in this Complaint, Luis Rivera was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 14**    At the time of the collision described in this Complaint, Defendant Four H Trucking, LLC owned the 18-wheeler that was being operated by Defendant Luis Rivera.

**REQUEST NO. 15**    At the time of the collision described in this Complaint, Defendant Luis Rivera was operating an 18-wheeler over the public roadways in Georgia.

**REQUEST NO. 16**    At all times material to this Complaint, Four H Trucking, LLC was registered with the United States Department of Transportation's Federal Motor Carrier Safety Administration as an interstate motor carrier.

**REQUEST NO. 17**    At all times material hereto, Four H Trucking, LLC was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

**REQUEST NO. 18**    At the time of the collision described in this Complaint, Luis Rivera was operating an 18-wheeler in the furtherance of Defendant Four H Trucking, LLC's business.

**REQUEST NO. 19**    At the time of the collision described in this Complaint, Luis Rivera was responsible for the safe and reasonable operation of an 18-wheeler over the public roadways within and throughout the State of Georgia.

**REQUEST NO. 20**     At the time of the collision described in this Complaint, Defendant Luis Rivera was acting within the course and scope of his employment with Defendant Four H Trucking, LLC.

**REQUEST NO. 21**     At the time of the collision described in this Complaint, Defendant Luis Rivera was acting within the course and scope of his agency with Defendant Four H Trucking, LLC.

**REQUEST NO. 22**     On December 3, 2020, at approximately 7:29 p.m., Plaintiff Jermaine Solomon was operating his vehicle northbound on Interstate 285, in DeKalb County, Georgia and had slowed for traffic.

**REQUEST NO. 23**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera was operating his 18-wheeler northbound on Interstate 285 in the same lane and headed in the same direction as Plaintiff.

**REQUEST NO. 24**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera failed to slow and/or stop and collided hard with the back of Plaintiff's vehicle.

**REQUEST NO. 25**     As a result of the collision, Plaintiff Jermaine Solomon' was injured and continues to suffer injuries and damages this from incident.

**REQUEST NO. 15**     On December 3, 2020, at approximately 7:29 p.m., Defendant Luis Rivera should slowed and/or stopped to avoid the collision in question.

**REQUEST NO. 16**     Diagram No. 1 below is a not to scale diagram depicting the collision described in this Complaint.



Diagram No. 1

**REQUEST NO. 17**     The force of the collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 18**     The collision caused Plaintiff to suffer injuries and damages.

**REQUEST NO. 19**     Defendant Four H Trucking, LLC conducted its own investigation into the cause of the subject collision.

**REQUEST NO. 26**     Defendant Four H Trucking, LLC concluded that Defendant Luis Rivera was the sole cause of the subject collision.

**REQUEST NO. 27**     Following the collision described in this Complaint, Defendant Four H Trucking, LLC disciplined Defendant Luis Rivera.

**REQUEST NO. 28**     Defendant Four H Trucking, LLC and/or its driver are 100% at fault for causing the subject collision.

**REQUEST NO. 29**   No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the subject collision described in this Complaint.

**REQUEST NO. 30**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 31**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 32**   No act or failure to act on the part of Plaintiff caused or contributed to Plaintiff's claimed injuries or damages.

**REQUEST NO. 33**   No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

**REQUEST NO. 34**   Plaintiff was an innocent victim in the subject collision described in his Complaint.

**REQUEST NO. 35**   Defendant Four H Trucking, LLC agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 36**   Defendant Luis Rivera agrees that Defendants should fairly compensate Plaintiff for all injuries and damages that are shown to have been more likely than not caused by the subject collision.

**REQUEST NO. 37**   Plaintiff did suffer injuries, damages, and losses as a result of the collision described in his Complaint.

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**   If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your

contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2**    For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage.

**INTERROGATORY NO. 3**    Please provide the weight of the subject 18-wheeler at the time of the Subject Collision.

**INTERROGATORY NO. 4**    Explain the relationship between Defendant Four H Trucking, LLC and Defendant Driver Luis Rivera at the time of the Subject Collision including his employment status (e.g., leased driver, company driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 5**    If you maintain that Defendant Driver Luis Rivera was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 6**    Identify and explain all communications of any kind between Defendant Driver Luis Rivera and anyone acting for or on behalf of Defendant Four H Trucking, LLC during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 7**    Identify all Defendant Four H Trucking, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant Driver Luis Rivera at the time of the Subject Collision, that dealt with or addressed defensive and/or safe driving practices and procedures.

**INTERROGATORY NO. 8**    Identify all Defendant Four H Trucking, LLC's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to Defendant Driver Luis Rivera regarding safe and defensive driving practices and procedures.

**INTERROGATORY NO. 9**    Describe in detail when and how you first became aware that Defendant Driver Luis Rivera was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 10**   State whether you maintain that Plaintiff or any non-party has any responsibility of any kind for causing the Subject Collision and/or the injuries and damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 11**   Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 12**   Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up

to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action.  The purpose of this Interrogatory is to identify all witnesses whom Defendant Four H Trucking, LLC believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 13**   Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 14**   Did Defendant Four H Trucking, LLC make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 15**   Identify each person Defendant Four H Trucking, LLC expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds in regards to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 16**   Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 17**   Identify each person who provided information to the person verifying these interrogatory responses to be used or potentially used in answering the interrogatories.

**INTERROGATORY NO. 18**   For each of Plaintiff' First Request for Admissions to Defendant Four H Trucking, LLC that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Four H Trucking, LLC

**REQUEST NO. 2:**   A copy of each document retention policy in effect for Four H Trucking, LLC at any time between the time of the Subject Incident and present.

**REQUEST NO. 3:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 4:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Incident.

### DRIVER

**REQUEST NO. 5:**   All documents setting forth the relationship between Luis Rivera and Four H Trucking, LLC This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**   The contents of Luis Rivera's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 7:**   All documents of any kind that relate to any pre-employment background investigation of Luis Rivera, including without limitation any investigation of Luis Rivera's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Four H Trucking, LLC This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 8:**   All documents that relate in any way to your recruiting of Luis Rivera.

**REQUEST NO. 9:**   All documents that relate in any way to you hiring Luis Rivera.

**REQUEST NO. 10:**  All documents that relate in any way to any orientation provided by Four H Trucking, LLC to Luis Rivera.

**REQUEST NO. 11:**  All documents that relate in any way to training of Luis Rivera. This includes, but is not limited to, all documents that show all training received by Luis Rivera, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 12:**  All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Four H Trucking, LLC to Luis Rivera at any time. An answer key should also be provided.

**REQUEST NO. 13:**  Copies of all documents (a) explaining how Luis Rivera was compensated for the one (1) month leading up to and including the date of the Subject Incident and extending one (1) week after the date of the Subject Incident; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 14:**  A copy of the front and back of every driver's license issued to Luis Rivera (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**  All documents placing you on notice of any violation by Luis Rivera of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 16:**  All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Luis Rivera in your possession, custody, and/or control.

**REQUEST NO. 17:**  A copy of all documents relating to any violation of any safety rule or principle by Luis Rivera at any time.

**REQUEST NO. 18:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Four H Trucking, LLC directed to Luis Rivera for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Luis Rivera in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 19:** A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Luis Rivera has been involved.

**REQUEST NO. 20:** Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Luis Rivera. This should include, but is not limited to, customer complaints and call-ins by motorists either to company directly or to any service (i.e., How's My Driving? Call 800…).

**REQUEST NO. 21:** For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the vehicle that Luis Rivera was operating at the time of the Subject Incident, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Incident and ending forty-eight (48) hours after the Subject Incident. This includes all devices, whether owned by Luis Rivera or not, and whether it was in use at the time of the Subject Incident or not.

**REQUEST NO. 22:** Copies of all documents prepared by Luis Rivera that describe the Subject Incident or the circumstances leading up to the Subject Incident.

**REQUEST NO. 23:** All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Luis Rivera that have not been produced in response to the preceding requests.

**REQUEST NO. 24:** A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or

addressing Luis Rivera in any way, that has not been produced in response to other requests above.

<u>H</u>OURS OF <u>S</u>ERVICE-<u>R</u>ELATED <u>D</u>OCUMENTS

**REQUEST NO. 25:**  A copy of all Luis Rivera's hours of service logs and any other driving logs and/or time sheets for the period beginning one-hundred-eighty (180) days before the Subject Incident and ending seven (7) days following the Subject Incident.

**REQUEST NO. 26:** In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Luis Rivera was doing for the time-period beginning fourteen (14) days before the Subject Incident and ending two (2) days (2) following the Subject Incident. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but not but are not limited to:

a.      All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

b.      All documents that could be used to check the accuracy of Hours of Service logs and/or time sheets;

c.      All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging,

permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

d.      All documents evidencing any and all stops; and

e.      All driver call in reports and any other documentation of any communications between you and Luis Rivera.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 27:** A copy of all audits and summaries of Luis Rivera's hours of service covering the period beginning one (1) year prior to the Subject Incident and ending fourteen (14) days following the Subject Incident.

## VEHICLE INFORMATION

**REQUEST NO. 28:** For the vehicle involved in the Subject Incident, produce the following documents:

a.      Title;

b.      Registration;

c.      Operators manual;

d.      Maintenance Schedules;

e.      All documents evidencing maintenance performed on the vehicle at any time within six (6) months before the Subject Incident;

f.      All documents evidencing any inspections of the vehicle during the six (6) months before the Subject Incident;

g.      All documents evidencing any repairs and/or modifications to the vehicle at any time within six (6) months before the Subject Incident;

h.      All documents evidencing any repairs made to the vehicle as a result of the Subject collision (including insurance submissions);

i.      All leases involving the vehicle;

j.      Documents evidencing the purchase of the vehicle;

k.      Documents evidencing the sale of the vehicle if it has been sold;

l.      Documents evidencing mileage and weight at time of the Subject Incident; and

m.      Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 29:** If any data is available (whether or not downloaded or retrieved) from the vehicle or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before during and after the Subject Incident.

**REQUEST NO. 30:** If the vehicle at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 31:** Produce copies of all e-mails between Luis Rivera and Four H Trucking, LLC for the time-period beginning ninety (90) days prior to the Subject Incident and present.

**REQUEST NO. 32:** Produce copies of all communications and transmissions between Luis Rivera and Four H Trucking, LLC that were transmitted through any system on-board of the vehicle involved in the Subject Incident for the period beginning thirty (30) days before the Subject Incident and ending seven (7) days after the Subject Incident. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes, without limitation, all electronic on-board recorders (EOBRs) and system such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 33:** If the vehicle was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 34:** To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the vehicle or anything inside or connected to any part or system of the vehicle that was involved in the Subject Incident.

**REQUEST NO. 35:** A copy of each out of service report or violation concerning the vehicle involved in the Subject Incident from the period beginning one (1) year prior to the Subject Incident through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 36:** Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Incident, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Incident.

**REQUEST NO. 37:** Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 38:** For the vehicle involved in the Subject Incident, produce all Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Incident and ending one (1) week after the Subject Incident.

**REQUEST NO. 39:** Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Incident for the vehicle.

## LOAD

**REQUEST NO. 40:** All documents that relate to the load being hauled by Luis Rivera at the time of the Subject Incident, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

## S<small>UBJECT</small> I<small>NCIDENT</small>

**REQUEST NO. 41:** A copy of every document related to any investigation done by or on behalf of Four H Trucking, LLC of the scene of the Subject Incident.

**REQUEST NO. 42:** All documents authored by anyone working for or on behalf of Four H Trucking, LLC that set forth any facts relating to the Subject Incident.

**REQUEST NO. 43:** All documents that explain what caused the Subject Incident.

**REQUEST NO. 44:** All documents assessing preventability of and/or fault for the Subject Incident.

**REQUEST NO. 45:** If the scene of the Subject Incident was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Incident, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 46:** Copies of all photographs, video, computer simulations, and any other documents depicting:

      a.      Any vehicle involved in the Subject Incident;

      b.      Any person involved in the Subject Incident;

      c.      The scene of the Subject Incident; and/or

      d.      Any evidence (roadway markings or other) relevant to the Subject Incident.

**REQUEST NO. 47:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Incident including those prepared by Luis Rivera and those prepared by anyone working for or on behalf of Four H Trucking, LLC (except lawyers).

**REQUEST NO. 48:**  A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Incident.

**REQUEST NO. 49:**  All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 50:**  If an Accident Review Board or similar entity reviewed the Subject Incident, produce the following:

      a.      A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

      b.      A copy of all reports and documents (as defined) of any kind generated by said board or entity;

      c.      Documents evidencing who was on the board;

      d.      Documents evidencing all criteria for review; and

      e.      Determination of preventability and all other conclusions reached by said board or entity.

**GOVERNMENTAL CONTACT AND INTERVENTION**

**REQUEST NO. 51:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Incident, the driver involved in the Subject Incident, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 52:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

**POLICY AND PROCEDURES**

**REQUEST NO. 53:** Copies of all Four H Trucking, LLC policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Incident, relating to:

      a.      Working for or with trucking company generally (e.g., employee manual or handbook);

      b.      Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

      c.      Operation of a 18-wheeler;

      d.      Driving safety;

      e.      Defensive driving;

      f.      Compliance with federal and state laws and regulations;

      g.      Accident investigation;

      h.      Accident review boards;

      i.      Determination of preventability of accidents;

      j.      Hiring, training, and supervising drivers; and

      k.      Disciplinary actions.

**REQUEST NO. 54:** Copies of each document that Luis Rivera signed to prove that Luis Rivera received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Four H Trucking, LLC

**REQUEST NO. 55:** To the degree that Four H Trucking, LLC has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to Luis Rivera before the Subject Incident, please produce them now.

**REQUEST NO. 56:** A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record, or test, maintained by your company, or used by Four H Trucking, LLC, its personnel, agents, or employees during the year of the Subject Incident and three (3) years prior.

**REQUEST NO. 57:** Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**COMPANY**

**REQUEST NO. 58:** Copy of documents showing the hierarchy of managerial positions at Four H Trucking, LLC and who occupied such positions as of the time of the Subject Incident and presently.

**REQUEST NO. 59:** A copy of each document (including articles and presentations) prepared and/or presented by any Four H Trucking, LLC representative relating to the safe operation of an 18-wheeler and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 60:** All company newsletters distributed during the time-period beginning two (2) years before the Subject Incident and present.

**REQUEST NO. 61:** A copy of all lease and trip lease contracts applicable to Luis Rivera and/or any vehicle involved in the Subject Incident.

**REQUEST NO. 62:** Copies of any contract under which your company was operating the 18-wheeler in question at the time of the Subject Incident.

**REQUEST NO. 63:** A copy of Four H Trucking, LLC's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 64:** Transcripts or recordings of all depositions of corporate designees for Four H Trucking, LLC given in the past five (5) years in cases where it was alleged that a driver working for Four H Trucking, LLC caused injury or death to another person.

**REQUEST NO. 65:** Copies of all documents putting any third party on notice of a claim arising from the Subject Incident.

**REQUEST NO. 66:** All correspondence and other communication of any kind between you and any other defendant to this Action.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 67:** With respect to each expert witness who may provide testimony at the trial of this case, provide:

    a.    A copy of all documents (as that term is defined above) and items of any kind produced **<u>to</u>** said expert;

    b.    A copy of all documents (as that term is defined above) and items of any kind generated or produced **<u>by</u>** said expert;

    c.    A copy of the entire file of said expert;

    d.    A current résumé or curriculum vitae for said expert; and

    e.    All billing records and work logs for said expert.

**REQUEST NO. 68:** A copy of any and all documents and other materials which support any contention that the Subject Incident was the fault of anyone other than the Defendants.

**REQUEST NO. 69:** Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically

created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 70:** Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Incident, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 71:** Produce each document or thing that you contend evidences or supports your denial of any of Plaintiffs' Requests for Admissions.

**REQUEST NO. 72:** If any surveillance has been undertaken by or on behalf of Four H Trucking, LLC, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

Served with the Complaint upon all Defendants.

Respectfully submitted,

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:          470-480-7545
FACSIMILE:    470-881-8821
E-MAIL:          ADEWALE.ODETUNDE@WITHERITELAW.COM

DEKALB COUNTY, GA.
11/18/2021 10:14 AM
E-FILED
BY: Siana Smith
STATE COURT OF

## AFFIDAVIT OF SERVICE

| Case:<br>21A05275 | Court:<br>Dekalb County State Court, State of Georgia | County:<br>DeKalb, GA | Job:<br>6373880 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Jermaine Solomon | | Defendant / Respondent:<br>Luis Rivera; Adv Quality Logistics, LLC; And Four H Trucking, LLC | |
| Received by:<br>CGA Solutions | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Adv Quality Logistics, LLC c/o Andres Lopez Lujano, Registered Agent | | | |

I, Jorge Estarellas, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Andres Lopez Lujano , 7283 NW 113th Ave, Parkland, FL 33076-4770

**Manner of Service:**  Registered Agent, Jan 7, 2022, 12:45 pm EST

**Documents:**  Summons, Complaint for Damages, Plaintiff Jermaine Solomon's First Combined Set of Written Discovery to Defendant Adv Quality Logistics, LLC Served with the Complaint, (Received Nov 19, 2021 at 11:13am EST)

**Additional Comments:**
1) Successful Attempt: Jan 7, 2022, 12:45 pm EST at 7283 NW 113th Ave, Parkland, FL 33076-4770 received by Andres Lopez Lujano . Age: 55-60; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'8";

Jorge Estarellas

**Date**

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public State of Florida
Scott J Berg
My Commission GG 213714
Expires 05/17/2022

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

5  19.22

**Date**          **Commission Expires**